**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JUN 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KRAIG O. BEATTY,

        Plaintiff - Appellant,

  v.

FRANK BISIGNANO, Commissioner of
Social Security,

        Defendant - Appellee.

No. 24-2882

D.C. No.
3:23-cv-05417-GJL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Grady J. Leupold, Magistrate Judge, Presiding

Submitted June 6, 2025[**]
Seattle, Washington

Before: HAWKINS, GOULD, and BUMATAY, Circuit Judges.

Kraig Beatty appeals the district court's decision to affirm the Commissioner

of Social Security's denial of his claim for disability benefits. We affirm.

We review "the district court's order affirming the [administrative law judge's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("ALJ")] denial of social security benefits de novo, and we will not overturn the Commissioner's decision 'unless it is either not supported by substantial evidence or is based upon legal error.'" *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (simplified). When examining medical evidence, the most important factors for an ALJ to consider are "supportability" and "consistency." 20 C.F.R. § 404.1520c(a); *see also Woods*, 32 F.4th at 791–92.

1. Beatty first argues the ALJ erred by discounting the opinion of Omar Gonzalez, a physician assistant who examined him. Gonzalez opined that Beatty's overall function was "poor," and that he was limited to standing one hour, walking one-to-two hours, and sitting for four hours in an 8-hour workday. The ALJ found Gonzalez's opinion unpersuasive.

Substantial evidence supports the ALJ's assessment. Evidence from the record shows that Gonzalez's opinion was insufficiently supported and inconsistent with other medical evidence. *See* 20 C.F.R. § 404.1520c(a). As the ALJ explained, Gonzalez's opinion was based on a one-time assessment and Gonzalez did not consider that Beatty has recently been in a sports accident and would be expected to improve in health. The record also shows that while Gonzalez reported that Beatty needed a walking stick (because of his MCL tear), other records show that his gait was "normal" less than two weeks later—a fact which supports the ALJ's assessment that the limitations reported by Gonzalez were short term. Further, another medical

expert, Dr. Pickett, described how Beatty initially used a walking stick and appeared stiff, but walked speedily and easily without it when distracted. Although Beatty lists a slew of medical reports to support his argument about Gonzalez's opinion, this evidence does not show the lack of substantial evidence for the ALJ's decision.

2. Beatty next contests the ALJ's decision to credit Dr. Lezlie Pickett's psychological evaluation and report. Beatty argues that Pickett prepared a fraudulent evaluation in a different social security appeal. Beatty's allegation cannot displace the ALJ's judgment when, as here, it is supported by substantial evidence. The record shows that Pickett's assessment was consistent with other medical sources showing that Beatty's memory and mental acuity were generally normal. And similarly, the ALJ's decision to rely on prior administrative medical opinions was supported by substantial evidence. Finally, Beatty provided little support for his allegations against Pickett.

3. Beatty next claims that the ALJ improperly rejected his testimony. To satisfy our precedent, ALJs must base adverse credibility findings "on clear and convincing reasons," unless the ALJ finds evidence of malingering. *Smartt v. Kijakazi*, 53 F.4th 489, 497 (9th Cir. 2022) (simplified); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008). Here, the ALJ found evidence of malingering. On one occasion, Beatty displayed a limp and used a walking stick. Less than two weeks later, he displayed no such symptoms. He

showed similar behavior during his evaluation with Dr. Pickett, when he started out limping but did not use a walking stick by the end of the appointment. Even without this evidence of malingering, the ALJ provided clear and convincing reasons. For example, Beatty claimed to suffer from a poor memory until Pickett explained "payee status" to him and his answers improved. And the ALJ observed that Beatty's activities—including golfing and skiing—were inconsistent with his description of his symptoms. So substantial evidence supports the ALJ's conclusion.

4. Beatty disputes the ALJ's residual functional capacity ("RFC") determination and his step-four determination. Beatty bases both challenges on the ALJ's failure to incorporate the limitations described in Gonzalez's opinion. But because we conclude that substantial evidence supported the ALJ's decision not to credit Gonzalez's opinion, we will not disturb these conclusions either. *See Kitchen v. Kijakazi*, 82 F.4th 732, 742 (9th Cir. 2023).

5. Lastly, Beatty argues that we should apply the Social Security Administration's new definition of past relevant work. While the agency has amended the regulation, *see* 20 C.F.R. § 404.1560; 89 Fed. Reg. 27,653 (Apr. 18, 2024), that regulation only went into effect on June 22, 2024—long after the ALJ decided Beatty's claim. And the Commissioner explained that it doesn't apply to decisions that became final before it became effective. *See* Social Security Ruling 24-2p, 89 Fed. Reg. 48479 n.1 (June 6, 2024). "[A]dministrative rules will not be

construed to have retroactive effect unless their language requires this result."

*Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988).  We decline to apply

the regulation retroactively to Beatty's case.

**AFFIRMED.**